**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff/Respondent,<br>　　vs.<br><br>Philip James Chillemi,<br><br>　　　　　Defendant/Movant | No. CR-03-0917-PHX-PGR<br>No. CV-07-0430-PHX-PGR (JI)<br><br>ORDER |

　　　　Having considered *de novo* the Report and Recommendation of Magistrate Judge Irwin notwithstanding that no party has filed an objection to it, the Court finds that the Magistrate Judge correctly determined that the defendant's § 2255 motion is meritless and should be denied.

　　　　The defendant's first claim, which is that he was denied effective assistance of counsel because his counsel failed to conduct an adequate pretrial investigation and failed to raise the issue of the defendant's incompetence to stand trial, has no legal or factual merit because the defendant has not proffered any indication of what additional investigation his counsel should have undertaken or how any additional evidence would have altered the outcome of his trial, nor has he proffered anything showing that he suffered from any mental health issue adversely affecting his ability to comprehend the proceedings and

participate in his defense.

The defendant's second claim, which is that he was denied effective assistance of counsel because of his counsel's cumulative trial errors, is also without merit because it is entirely conclusory given that the defendant has not made any effort to explain the nature of these alleged errors or how they prejudiced him.

The defendant's third claim, which is that his conviction is unconstitutional because Title 18 of the United States Code has never been enacted into positive law, is frivolous as a matter of law.  Not only was Title 18 in fact enacted into positive law in 1948, *see* United States Civil Service Comm'n v. National Ass'n of Letter Carriers, AFL-CIO, 413 U.S. 548, 550 n.1, 93 S.Ct. 2880, 2883 n.1 (1973); United States v. Galardi, 476 F.2d 1072, 1076 (9th Cir. 1973), even if it had not been, that would have no effect on the defendant's conviction since Congress' failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable. Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985). Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc. #91) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. #82) is denied.   The Clerk of the Court shall enter judgment accordingly.

DATED this 11th day of October, 2007.

Paul G. Rosenblatt
United States District Judge